6 F.3d 788
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Robert H. BLAMER.
 No. 93-1108.
 United States Court of Appeals, Federal Circuit.
 Sept. 21, 1993.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Applicant appeals from the July 29, 1992 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), Appeal No. 92-1802, affirming the examiner's rejection of claims 1-3, 6-10, 12 and 14-18 in patent application Serial No. 384,077, filed July 24, 1988[1], entitled "Method and Means for Enhancing Microwave Popping of Popcorn," as unpatentable under 35 U.S.C. Sec. 103 in view of U.S. Patent No. 3,973,045 to Brandberg; U.S. Patent No. 4,553,010 to Bohrer; U.S. Patent No. 4,641,005 to Seiferth; and U.S. Patent No. 4,656,325 to Keefer. We reverse.
 
 DISCUSSION
 
 2
 This court has repeatedly cautioned against employing hindsight by using the applicant's disclosure as a blueprint to reconstruct the claimed invention out of isolated teachings in the prior art. See, e.g., Grain Processing Corp. v. American Maize-Products Co., 840 F.2d 902, 907, 5 USPQ2d 1788, 1792 (Fed.Cir.1988). This court has also cautioned against focussing on the obviousness of the differences between the claimed invention and the prior art rather than on the obviousness of the claimed invention as a whole as Sec. 103 requires. See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1383, 231 USPQ 81, 93 (Fed.Cir.1986), cert. denied, 480 U.S. 947 (1987).
 
 
 3
 The claimed invention as a whole in this case is a microwave popcorn bag and/or a method for making such a bag. The claims recite a printed layer of metallized ink or the method step of printing a layer of metallized ink on an unexposed surface of the popcorn bag. The metallized ink serves as a "microwave susceptor" to improve the transmission of microwave energy to the food contained in the package, thereby increasing the cooking temperature and shortening the cooking time. The printing of the susceptor can be accomplished during the application of the popping instructions, trademarks, and so forth. The specification states that this bag and method, when used for microwaving popcorn, substantially reduces the number of unpopped kernels. Claim 1 reads:
 
 
 4
 1. A sealable bag for receiving a charge of popcorn and shortening for microwave popping, comprising:
 
 
 5
 a two-ply bag having side gussets and one sealed end adapted to be folded along spaced lines extending transversely to said gussets to define an area on which the corn and shortening is to be placed, said area being in registration with a printed layer of metallized ink on an unexposed surface of one of the plies of said bag.
 
 
 6
 Independent claim 10 is similar to claim 1 and merely includes popcorn as part of the claimed combination. Claim 18 is a method claim for making the bag in claim 1.
 
 Independent claim 12 reads:
 
 7
 12. The use of a layer of metallized ink printed on an unexposed surface of a popcorn package to enhance the subsequent popping of the popcorn by microwave energy.
 
 
 8
 The examiner concluded that applicant's invention would have been obvious in light of twelve references. The Board correctly stated that the examiner's reliance on so many references was "overkill" and concluded that applicant's invention would have been obvious in light of four of the references. We agree with the Board on the former statement, but disagree with the latter. What both the examiner and Board have done is to cite a number of references variously containing some of the limitations in applicant's claims. However, these references and the limitations for which they were cited were combined piecemeal without any suggestion or motivation for their combination and without regard to the purpose of applicant's invention.
 
 
 9
 The law followed by this court is that "[a] prima facie case of obviousness is established when the teachings [of] the prior art itself would appear to have suggested the claimed subject matter to a person of ordinary skill in the art." In re Rinehart, 531 F.2d 1048, 1051, 189 USPQ 143, 147 (CCPA 1976). See also In re Lalu, 747 F.2d 703, 705, 223 USPQ 1257, 1258 (Fed.Cir.1984) ("In determining whether a case of prima facie obviousness exists, it is necessary to ascertain whether the prior art teachings would appear to be sufficient to one of ordinary skill in the art to suggest making the claimed substitution or other modification.")
 
 
 10
 The problem addressed by applicant's invention is how to incorporate a microwave susceptor at a location in a bag structure which would be effective for cooking the contents without significantly adding to the cost or complexity of the overall bag manufacturing process. Applicant's solution to this problem was to print a metallized area on an unexposed surface of the bag as part of the overall bag printing process during the manufacture of the popcorn bags. Since printing indicia onto the bag is already part of the manufacturing process, the printing of the metallized ink can be incorporated in the printing step as if an additional color is being applied to the package. None of the references cited by the examiner teach or suggest printing a susceptor on what will be an unexposed layer to reduce the cost and complexity of the bag manufacturing process.
 
 
 11
 The Board cited Seiferth for teaching placement of a metal layer between the two plies of the popcorn package of Brandberg so that the popcorn charge does not contact the metal layer, and Keefer for teaching the utilization of metal lossy materials consisting of ink coatings containing aluminum or bronze metal flakes as a susceptor in the two-ply package of Brandberg. However, the references and their teachings as a whole are too far afield to make the leap that the Board makes when combining them to render applicant's invention obvious.
 
 
 12
 Neither Seiferth nor Keefer is directed towards flexible popcorn bags. Both are directed toward sturdy box-like containers. Somewhere in the process of constructing the Seiferth container, a metal layer is vacuum vapor deposited between a food protective layer and a bottom layer. It does not suggest printing, and does not suggest printing a susceptor on an unexposed layer of a popcorn bag.
 
 
 13
 Keefer is actually directed towards a cover for a foil container. The primary purpose of the cover is to allow microwave energy to pass through it. Metallic islands can be placed on the exposed surfaces of the cover in order to retain some of the microwave energy within the container. Although Keefer makes a single vague statement that "metal powder or flakes may be applied in the form of paint or ink coatings having aluminum or bronze flakes dispersed therein," we do not believe that it is sufficient to suggest printing, and certainly not printing on an unexposed surface of a popcorn bag.
 
 
 14
 One of ordinary skill in the art looking to these references would not be motivated to combine their teachings to achieve the claimed invention. To say that Keefer and Seiferth would suggest printing a susceptor on an unexposed surface between two layers of a two-ply microwave bag in Brandberg presumes too much from the references. The only way the Board could have rejected the claims based on the references it relied on was through the use of hindsight. What is lacking, given a fair reading of the references as a whole, is any teaching which would lead one skilled in the art to use the alternative teachings, either separately or in combination, to reduce the cost of manufacturing popcorn bags by printing a susceptor onto an unexposed surface of the bag during the manufacturing of the bags. In the absence of such teaching, we cannot agree that the claimed invention is rendered obvious by the cited combination of references. Accordingly, the rejection of claims 1-3, 6-10, 12 and 14-18, for the reasons stated by the Board, is reversed.
 
 
 15
 It appears to us that the PTO, on remand, may wish to consider whether claim 12 is directed to a statutory category of patentable invention under 35 U.S.C. Sec. 101.
 
 
 
 [1]
 The patent application at issue is a continuation of patent application serial number 016,522, filed February 17, 1987 (abandoned), which was a continuation of patent application serial number 732,139, filed May 19, 1985 (abandoned)